UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,           )       INDICTMENT CR 15-303 MJD/JJK
                                    )
            Plaintiff,              )       18 U.S.C. § 1341
                                    )       18 U.S.C. § 1343
v.                                  )       18 U.S.C. § 1957
                                    )       18 U.S.C. § 152(7)
GERARD LEONARD ROY,                 )
                                    )
            Defendant.              )

THE UNITED STATES GRAND JURY CHARGES:

## INTRODUCTION

At times relevant to this Indictment:

1.      Gerard Leonard Roy ("ROY" or "defendant") was a resident of the State of Minnesota.

2.      Beginning no later than 2010, and continuing at least until February 2015, the defendant controlled and operated a series of business entities—including RSI Associates, Inc., Restoration Specialists, Inc., Road Spec Corporation, Omni Construction Services, Inc., Omni Construction Company, Omni-Midwest, Inc., and Olympic Construction Services, Inc.—through which he provided construction services to clients, including certain public and quasi-governmental entities.

3.      Individual A was the defendant's girlfriend and business partner. At various times, Individual A nominally owned certain of the defendant's business entities, as well as bank accounts associated with the defendant's business entities.

SCANNED
NOV 0 9 2015
U.S. DISTRICT COURT MPLS

U.S. v. Gerard L. Roy

4.     In order to commission construction projects, public and quasi-governmental entities—such as City and County governmental authorities, transportation boards, and school districts—generally solicited bids from multiple contractors.   Among other items, contractors submitting bids to public entities were required to obtain surety bonds (bid, performance, and/or payment bonds) issued by a third-party insurer, guaranteeing satisfactory completion of the construction project and the payment of all labor and material costs.   In general, these bonds cost the contractor approximately 0.5 to 2% of the amount of the construction contract.

## SCHEME AND ARTIFICE TO DEFRAUD

5.     Beginning no later than in or about 2010 and continuing at least until in or about February 2015, in the State and District of Minnesota, the defendant,

## GERARD L. ROY,

did knowingly devise and participate in a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions, and for the purpose of executing such scheme and artifice, and attempting to do so: (a) caused the sending, delivering and receipt of various matters and things by United States Postal Service and private and commercial interstate carrier; and (b) caused the transmission in interstate commerce, by means of wire communications, of certain writings, signs, signals, pictures and sounds.

2

U.S. v. Gerard L. Roy

6. More specifically, beginning no later than in or about 2010 and continuing through at least February 2015, the defendant—operating through companies such as RSI Associates, Inc., Restoration Specialists, Inc., Road Spec Corporation, Omni Construction Services, Inc., Omni Construction Company, Omni-Midwest, Inc., and Olympic Construction Services, Inc.—fraudulently obtained construction contracts from public and private entities through the submission of false construction bonds asserting that the projects were insured if the defendant (or his company) could not complete the project or failed to pay subcontractors. In fact, the defendant had no such insurance and was therefore ineligible to bid on the construction projects. Through the scheme described above, the defendant fraudulently obtained at least approximately $3,000,000 in construction projects, obtained payments on said contracts totaling at least approximately $1,800,000, and caused losses to clients, subcontractors, and sureties totaling at least approximately $700,000.

## 2010-2012
## Omni Construction Services

7. It was part of the scheme that beginning no later than 2010 and continuing until about October 2012, defendant controlled and operated a business, primarily using the name Omni Construction Services, through which he provided construction services to clients.

3

U.S. v. Gerard L. Roy

8.     It was further part of the scheme that certain of the defendant's potential clients—in particular public or quasi-governmental entities, but also certain private entities—solicited bids from multiple contractors for construction projects and required all bidders to obtain and provide evidence of surety bonds insuring the contractor's performance of certain aspects of the project.

9.     It was further part of the scheme that the defendant—because he had previously been convicted of felony criminal offenses and had previously defaulted on certain surety bonds—believed or claimed to believe he would be unable to obtain the surety bonds necessary to bid on public projects.

10.     It was further part of the scheme that the defendant, in order to secure construction projects commissioned by these entities, falsely claimed in bid documents that he had purchased surety bonds guaranteeing the performance of his obligations under the construction project.  In fact, and as defendant knew, he had not obtained any such bonds.

11.     It was further part of the scheme that the defendant created phony bond documents—including bid bonds, performance bonds, and payment bonds—which were purportedly issued by a surety on behalf of the defendant and/or his company.  In so doing, the defendant forged the signatures of the relevant sureties, witnesses, and public notaries.

4

U.S. v. Gerard L. Roy

12.     It was further part of the scheme that between 2010 and 2012, the defendant obtained, or attempted to obtain, at least five construction contracts from entities through the submission of false and fraudulent bids and bond documents, including the following:

a.      Three Rivers Park District, Off-Leash Dog Park- Fish Lake Regional Park. Purported Bond Amount $98,750.

b.      Minnesota State Colleges and Universities, Exterior Restoration, Lewis House. Purported Bond Amount $238,750.

c.      Washington County HRA, Briar Pond Roof Replacement. Purported Bond Amount $318,750.

d.      City of Minneapolis. Purported Bond Amount $78,750.

e.      Calvary Episcopal Church, Re-Roof and Asbestos Removal. Purported Bond Amount $124,513.

**Nov. 2012-Nov. 2013 – Defendant's Imprisonment**

13.     On or about October 30, 2012, the defendant was convicted of Drug Possession in Scott County, Minnesota, and was subsequently incarcerated from about November 2012 until about November 2013.

**2013-2015**

14.     It was part of the scheme that beginning in about November 2013, after getting out of prison, and continuing until about February 2015, defendant continued operating a construction business, but used different business names than before he was incarcerated, namely RSI Associates and Restoration Specialists.

5

U.S. v. Gerard L. Roy

15.    It was further part of the scheme that, in order to secure construction projects commissioned by public and private entities, the defendant continued to falsely claim in bid documents that he had purchased surety bonds guaranteeing the performance of his obligations under construction contracts.   In fact, and as defendant knew, he never obtained any such bonds.

16.    It was further part of the scheme that the defendant continued creating falsified bond documents—including bid bonds, performance bonds, and payment bonds—which were purportedly issued by a surety on behalf of the defendant and/or his company.   In so doing, the defendant forged the signatures of the relevant sureties, witnesses, and public notaries.

17.    It was further part of the scheme that between 2013 and 2015, the defendant obtained, or attempted to obtain, at least five construction contracts from public and private entities through the submission of false and fraudulent bids and bond documents, including the following:

      a.    City of Hastings, River Front Renaissance. Purported Bond amount $419,449;

      b.    Metropolitan Council, Green line OMF. Purported Bond amount $453,430;

      c.    Metropolitan Council, Heywood Office Building. Purported Bond amount $554,450;

      d.    MN Valley Transit, Burnsville Transit Station. Purported Bond amount $857,540;

e.   Independent School District 169, Eagan High School Bleachers. Purported Bond amount $103,750; and

18.   It was further part of the scheme that, through the means described above, the defendant fraudulently obtained at least approximately $3,000,000 in construction projects, obtained payments on said contracts totaling at least approximately $1,800,000, and caused losses to clients, subcontractors, and sureties totaling at least approximately $700,000.

## COUNTS 1-2
### (Mail Fraud)
### 18 U.S.C. § 1341

19.   The allegations contained in paragraphs 1 through 18 of this Indictment are re-alleged as if stated in full herein.

20.   On or about the following dates, in the State and District of Minnesota and elsewhere, the defendant,

### GERARD L. ROY,

having devised and intending to devise the scheme and artifice described above, caused to be sent, delivered, and moved by the United States Postal Service and private and commercial interstate carrier various mailings, items and things for the purpose of executing and attempting to execute such scheme and artifice:

7

U.S. v. Gerard L. Roy

| COUNT | DATE<br>(on or about) | MAILING DETAILS |
|---|---|---|
| 1 | April 8, 2014 | Check in the amount of $65,111.10 for payment on the Green Line Project sent via United States Postal Service from the Metropolitan Council to RSI |
| 2 | June 11, 2014 | Letter containing executed copy of construction contract related to the Heywood Office Building Project sent via United States Postal Service from the Metropolitan Council to RSI |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS 3-7
### (Wire Fraud)
### 18 U.S.C. § 1343

21.     The allegations contained in paragraphs 1 through 18 of this Indictment are re-alleged as if stated in full herein.

22.     On or about the following dates, in the State and District of Minnesota, the defendant,

**GERARD L. ROY,**

having devised and intending to devise the scheme and artifice described above, caused to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, pictures, and sounds for the purpose of executing and attempting to execute such scheme and artifice:

8

U.S. v. Gerard L. Roy

| COUNT | DATE (on or about) | WIRE DETAILS |
|---|---|---|
| 3 | May 14, 2014 | ACH Deposit in the amount of $77,753.39 from the Metropolitan Council to RSI representing payment on the Green Line construction contract |
| 4 | October 23, 2014 | ACH Deposit in the amount of $126,540.00 from the Metropolitan Council to RSI representing payment on the Metro Haywood construction contract |
| 5 | December 15, 2014 | ACH Deposit in the amount of $215,991.52 from the Metropolitan Council to RSI representing payment on the Green Line construction contract |
| 6 | January 23, 2015 | ACH Deposit in the amount of $59,588.00 from the City of Hastings to RSI representing payment on the River Front Renaissance construction contract |
| 7 | January 29, 2015 | ACH Deposit in the amount of $116,983.95 from the Metropolitan Council to RSI representing payment on the Metro Haywood construction contract |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 8-11
(Transactions Involving Fraud Proceeds)
18 U.S.C. § 1957

23.    The allegations contained in paragraphs 1 through 18 of this Indictment are re-alleged as if stated in full herein.

24.    On or about the following dates, in the State and District of Minnesota and elsewhere, the defendant,

**GERARD L. ROY,**

9

U.S. v. Gerard L. Roy

knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activities, that is, mail fraud in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343:

| COUNT | DATE (on or about) | TRANSACTION |
|-------|--------------------|-------------|
| 8 | May 23, 2014 | Purchase of a cashier's check in the amount of $15,000 obtained with funds from RSI's bank account used by Roy to purchase jet skis |
| 9 | December 15, 2014 | Purchase of cashier's check in the amount of $25,000 obtained with funds from RSI's bank account used by Roy to purchase snowmobiles |
| 10 | December 15, 2014 | Purchase of fourteen (14) cashier's checks totaling $70,000—each in the amount of $5,000—made payable to Gerard Roy, which were later converted to cash |
| 11 | January 29, 2015 | Bank transfer in the amount of $100,000 from RSI's bank account to another bank account controlled by Gerard Roy |

All in violation of Title 18, United States Code, Section 1957.

10

U.S. v. Gerard L. Roy

## COUNT 12
(Concealment of Bankruptcy Assets)
(Omni Construction Services Bankruptcy Case – 2012)
18 U.S.C. § 152(7)

25. The allegations contained in paragraphs 1 through 18 of this Indictment are re-alleged as if stated in full herein.

26. Title 11 of the United States Code (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure, provided that qualified debtors could be discharged of their debts by filing a petition, schedules and statement of financial affairs with the United States Bankruptcy Court in which, among other things, debtors are required under penalty of perjury to disclose the existence and value of all of their assets, which then become property of the debtor's bankruptcy estate and are administered by a Bankruptcy Trustee to pay the creditors of the person or persons who filed the bankruptcy petition. Debtors are also required, under the provisions of the Bankruptcy Code and associated rules and regulations, to disclose any and all property transferred by the debtor within the 2 years prior to the filing of the debtor's bankruptcy petition.

27. Between June 2011 and July 2012, the defendant withdrew at least approximately $400,000 from Omni Construction Services' bank accounts and used that money for his own purposes rather than to pay Omni Construction Services' creditors and/or liabilities.

11

U.S. v. Gerard L. Roy

28.     Beginning in or about 2012, the defendant opened new business bank accounts in the names of Omni Construction Company, Omni-Midwest, and Olympic Roofing & Construction, and deposited at least approximately $300,000 in receivables belonging to Omni Construction Services into those bank accounts.  The defendant proceeded to use a significant portion of these funds for his own purposes (including to, among other things, make his house payments and transfer money to his personal bank account and other business bank accounts) instead of using the money to pay Omni Construction Services' creditors and/or liabilities.

29.     On or about July 13, 2012, the defendant caused Omni Construction Services to file a petition for bankruptcy under Chapter 7 of the Bankruptcy Code, thereby attempting to avoid paying approximately $600,000 of Omni Construction Services' creditors and/or liabilities.

30.     Beginning in or about May 2012 and continuing through in or about July 2012, in the State and District of Minnesota and elsewhere, the defendant,

## GERARD L. ROY,

did knowingly and fraudulently transfer and conceal property belonging to Omni Construction Services, Inc., namely proceeds of construction contracts totaling at least approximately $323,549.10, while acting as an agent or officer of Omni Construction Services, in contemplation of a case under Title 11 by or against Omni Construction Services with intent to defeat the provisions of Title 11;

12

U.S. v. Gerard L. Roy

All in violation of Title 18, United States Code, Section 152(7) and 2.

## COUNT 13
### (Concealment of Bankruptcy Assets)
### (RSI Associates, Inc., Bankruptcy Case – 2015)
### 18 U.S.C. § 152(7)

31.     The allegations contained in paragraphs 1 through 18 and 26 of this Indictment are re-alleged as if stated in full herein.

32.     Between January 2014 and February 2015, the defendant used at least approximately $400,000 from RSI's bank accounts for his own purposes (to purchase jet skis, snowmobiles, gold coins, automobiles such as a Chevrolet Corvette and Jaguar, as well as to make sizeable cash withdrawals and house payments) rather than to pay RSI's creditors and/or liabilities.

33.     On or about January 23, 2015, the defendant opened a bank account in the name of Road Spec Corporation, and six days later, on January 29, 2015, the defendant transferred at least approximately $100,000 from RSI's bank account into RSC's bank account.  The defendant used those funds for his own purposes rather than to pay RSI's creditors and/or liabilities.

34.     On or about February 19, 2015, the defendant caused RSI Associates, Inc., to file a petition for bankruptcy under Chapter 11 of the Bankruptcy Code, thereby attempting to avoid paying at least approximately $500,000 of RSI's creditors and/or liabilities.  On or about March 10, 2015, the bankruptcy petition was dismissed without prejudice.

13

U.S. v. Gerard L. Roy

35.    Beginning in or about January 2015 and continuing through in or about March 2015, in the State and District of Minnesota and elsewhere, the defendant,

**GERARD L. ROY,**

did knowingly and fraudulently transfer and conceal property belonging to RSI Associates, Inc., namely proceeds of construction contracts totaling at least approximately $100,000, while acting as an agent or officer of RSI Associates, in contemplation of a case under Title 11 by or against RSI Associates with intent to defeat the provisions of Title 11;

All in violation of Title 18, United States Code, Section 152(7) and 2.

## FORFEITURE ALLEGATIONS

1.    Counts 1-13 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

2.    As the result of the offenses alleged in Counts 1-7, 12 and 13 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations alleged in Counts 1-7, 12 and 13 of this Indictment.

3.    As a result of the offenses alleged in Counts 8-11 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code,

14

U.S. v. Gerard L. Roy

Section 982(a)(1), all property, real or personal, involved in the violations alleged in Counts 8-11 of this Indictment, or any property traceable to such property.

4.     If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____          _____
UNITED STATES ATTORNEY          FOREPERSON

15