UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-303 (MJD/JJK)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | **GOVERNMENT'S RESPONSE** |
| | ) | **TO DEFENDANT'S MOTION** |
| v. | ) | **FOR RELEASE PENDING** |
| | ) | **SENTENCING** |
| GERARD LEONARD ROY, | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorney Benjamin F. Langner, hereby submits this response to defendant's motion for release pending sentencing. For the reasons set forth below, the government opposes the defendant's motion and requests that the defendant be detained pending sentencing.

I.     **Procedural Background**

On November 9, 2015, the defendant was charged by indictment with 13 counts of mail fraud, wire fraud, money laundering, and bankruptcy fraud. [Doc. 1.] On May 25, 2016, the defendant pled guilty to one count of mail fraud and one count of money laundering. [Doc. 29.]

The defendant has been in the custody of the State of Minnesota since November 3, 2015, six days prior to the return of the indictment in this matter, when he was arrested on a warrant for failing to appear for a sentencing hearing associated with his Forgery

conviction in Scott County.  [PSR at ¶ 82; Def. Mot. at 1.]  He is scheduled to be released from State custody on December 29, 2016.  [PSR at F.1.]

Sentencing in this case is scheduled for January 18, 2017.  [Doc. 42.]

## II.  The Standard for Release

The defendant pled guilty to mail fraud and money laundering.  Thus, pursuant to 18 U.S.C. § 3143(a), the court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence … be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community …."

## III.  Analysis

In his motion, the defendant provided no explanation and proffered no facts that would establish, let alone by *clear and convincing evidence*, that he is not a risk of flight or a danger to the community.  To the contrary, the defendant's extensive criminal history provides significant justification to detain him.  Specifically, the section of the PSR recounting the defendant's many prior criminal acts—to which the defendant has not objected—describes numerous occasions over the past twenty years in which the defendant violated the terms of his conditional release from custody:

> Prior to his guilty plea, warrants were issued on four occasions after Roy failed to appear for pretrial hearings.  A fifth warrant was issued in November 2000 after the defendant failed to appear for a hearing related to unpaid fines.  [PSR at ¶ 50.]
>
> Prior to his guilty plea, a warrant was issued after Roy violated the terms of his conditional release.  A warrant was issued in February 2001 after Roy failed to meet with probation as directed.  He appeared in court within one week and the

warrant was recalled, but he submitted to drug testing at that time and tested positive for drug use. A third warrant was issued in June 2001 after the defendant tested positive for drug use, which resulted in an additional two weekends in jail. In November 2001, a fourth warrant was issued after Roy failed to report to custody and appear in court for a judicial review. [PSR at ¶ 51.]

A warrant was issued in October 2001 after Roy failed to report to the workhouse. A second warrant was issued after the defendant failed to remain law-abiding. [PSR at ¶ 52.]

In December 2001, following his original guilty plea, a warrant was issued after Roy failed to appear for his scheduled sentencing. [PSR at ¶ 53.]

A warrant was issued in November 2001 after Roy failed to report to jail. [PSR at ¶ 55.]

Court records indicated that Roy reported to Washington County Jail to set up electronic home monitoring for a sentence he was to finish serving. He did not have the correct paperwork or fees and was told he would be taken into custody until the paperwork was corrected. The defendant became argumentative. When escorted to the jail intake area, he pushed employees and attempted to leave the area. Once inside an elevator leading to the jail, he struggled against the employees and received a cut on his face, which bled and spattered on an employee's face as Roy continued to struggle against restraint. [PSR at ¶ 58 (offense occurred in September 2002).]

A warrant was issued in May 2005 after Roy violated the terms of his electronic home monitoring. A second warrant was issued in July 2005 after the defendant did not appear at the jail to serve his sentence. Roy failed to report to jail again in January 2006, and a probation violation hearing was set. A warrant was issued after the defendant failed to appear for that hearing. [PSR at ¶ 62.]

A warrant was issued in June 2006 after Roy failed to return to the workhouse. [PSR at ¶ 66.]

Roy violated the terms of his supervised release in his failure to refrain from drug use and remain law-abiding, as he was arrested for drug possession and admitted to using cocaine base. [PSR at ¶ 74 (violation occurred in 2011).]

Prior to his guilty plea, a warrant was issued after Roy failed to appear for a hearing. Prior to sentencing, a second warrant was issued after the defendant violations the terms of his conditional release. [PSR at ¶ 78 (conviction occurred in 2012).]

A warrant was issued in October 2015 after the defendant failed to appear for a scheduled sentencing hearing. [PSR at ¶ 82.]

The risk of the defendant failing to appear is far from speculative. In at least five of the instances set forth above, the defendant failed to show up at his sentencing hearing, necessitating the issuance of an arrest warrant, including in October 2015 when the defendant was scheduled to be sentenced in Scott County for charges associated with the conduct at issue in this case.

Additionally, the defendant has a long history with drug abuse, which contributes to his risk of non-appearance and presents a significant danger to the community. The PSR describes multiple instances where the defendant engaged in a drug "binge," culminating with an occasion in October 2015 just prior to being incarcerated on the state charges for which the defendant is currently incarcerated. [*See* PSR at ¶¶ 51, 64, 70, 72, 78, 124, 129, 130.] The defendant also committed the instant offense while under court supervision for a previous conviction, further demonstrating that he is a continuing danger to the community. [PSR at ¶ 84.]

4

The defendant's only suggestion to ameliorate the risks that his release would engender is to be placed on electronic monitoring. However, the defendant has previously violated the terms of electronic monitoring, and in fact assaulted a law enforcement employee when his electronic monitoring was being initiated. [PSR at ¶¶ 58, 62.]

As the government argued in its sentencing position paper, the defendant's criminal history is astounding. He received 55 criminal history points, 42 more than were required to put him in the highest possible category in the United States Sentencing Guidelines. He has spent his entire adult life, nearly 30 years, in and out of the criminal justice system. When under court supervision, the defendant has repeatedly violated the conditions of his release. The defendant has not and cannot establish by clear and convincing evidence that he is not a risk of flight and danger to the community.

Dated: December 14, 2016                    Respectfully submitted,

                                            ANDREW M. LUGER
                                            United States Attorney

                                            *s/Benjamin F. Langner*

                                            BY: BENJAMIN F. LANGNER
                                            Assistant U.S. Attorney