UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                                Criminal File No. 15-303 (MJD)

GERARD LEONARD ROY,

      Defendant.

Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Plaintiff.

Defendant, *Pro Se.*

## I. INTRODUCTION

This matter is before the Court on the Government's request for an Amended Judgment to Include Specified Restitution. (Doc. Nos. 89 and 97.) Defendant has not responded to this request despite two Orders directing he respond. (Doc. Nos. 91 and 94.) Copies of the orders were mailed to Defendant.

## II. BACKGROUND

On February 2, 2017, Defendant was sentenced to 82 months imprisonment on Counts 1 and 9 of the Indictment which charged mail fraud

and transactional money laundering, to be served concurrently. The Court ordered that restitution was mandatory, and that the amount was to be determined. (Doc. No. 68 (Sent. Tr. at 18-19).) Initially, the Government was given 120 days to submit to the Court the pertinent amount of restitution. (Id.) On June 21, 2017, the Government moved for an extension of time to calculate restitution as it was awaiting information about bankruptcy proceedings of companies through which Defendant operated. (Doc. No. 72.) The motion was granted. (Doc. No. 73.) Additional motions for extensions were made, with no opposition from Defendant, and the extensions were granted. (Doc. Nos. 74-79.)

On September 26, 2019, the Government filed a motion to amend the judgment to include specified restitution as the bankruptcy proceedings are substantially complete. The Government moves to amend the judgment to include an Order of Restitution in the total amount of $820,960.55, payable as set forth in the supplement to the motion to amend and offset as to payments made to victims from the Omni Construction Services, Inc. bankruptcy proceedings. (Doc. Nos. 89 and 97.)

### III. DISCUSSION

Under the Mandatory Victim Restitution Act ("MVRA"), "the court shall order, in addition to . . . any other penalty authorized by law, that the defendant

make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). It is undisputed that the MVRA applies in this case. (See, e.g., Plea Agreement ¶ 9.)

The Court holds that it has jurisdiction to enter this restitution order more than 90 days after sentencing. See Dolan v. United States, 560 U.S. 605, 611 (2010). Additionally, as set forth in the PSR, Defendant was on notice as to the amount of loss, $820,960.55, calculated through investigative materials and that he may be responsible for up to $1,125,184.40 in restitution. (Doc. No. 33 (PSR at ¶¶ 11 and 18).)

To establish the amounts that have been paid to certain victims through the Omni Construction bankruptcy, the Government has submitted a copy of the Chapter 7 Trustee's Final Account and Distribution Report Certification that the Estate has been Fully Administered and Application to be Discharged. (Doc. No. 89 (Ex. A to Government Motion).) The Government asserts it will provide supplemental documentation to the Clerk of Court if it determines that additional bankruptcy payments were made to subcontractors associated with the projects set forth in its motion.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

The Government's request for an Amended Judgment to include specified restitution in the amount of $820,960.55 [Doc. No. 89] is **GRANTED** to the victims and in the amounts identified in the Supplement to the Motion [Doc. No. 97]. Such restitution shall be offset by payments received by the identified victims through the bankruptcy proceedings.

Dated: February 28, 2020    s/ Michael J. Davis
                                                    Michael J. Davis
                                                    United States District Court