UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

  Plaintiff,

v.              **MEMORANDUM OPINION**
                 **AND ORDER**
                 Crim. No. 15-303 (MJD)

Gerard L. Roy,

  Defendant.
_____

This matter is before the Court on Defendant's Second Pro Se Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)(i). [Doc. No. 101]

**I. Background**

Defendant pleaded guilty to Count 1 of the Indictment which charged Mail Fraud in violation of 18 U.S.C. § 1341 and Count 9 which charged Transactional Money Laundering in violation of 18 U.S.C. § 1957. On February 2, 2017, Defendant was sentenced to term of imprisonment of 82 months on both counts, to run concurrently, and three years supervised release. He is currently serving his sentence at the Federal Prison Camp in Duluth, and his release date is December 11, 2022, and his home confinement eligibility date is April 25, 2021.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

As is clear from the above statutory text, Defendant must first exhaust his administrative remedies before the Court can grant him any relief.  At the time Defendant filed his first motion for compassionate release, he had not demonstrated that he had first submitted a request to the BOP and otherwise exhausted his administrative remedies.  The Court dismissed the motion without prejudice.

On April 27, 2020, Defendant filed this motion for compassionate release. With this motion, Defendant has filed an exhibit that includes a March 22, 2020 request to the Warden to be released to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant has also submitted April 9, 2020 response from the Warden, denying his request as Defendant had not demonstrated the relief was warranted based on his concerns of potentially being exposed to COVID-19.

To fully exhaust administrative remedies, however, Defendant is required to appeal this decision through the BOP's Administrative Remedy Program, which is set forth in 28 CFR § 542.10 et seq. This program applies to all inmates under BOP responsibility and provides for a formal review of issues relating to any aspect of his/her confinement. Id. § 542.10 (a) and (b). Pursuant to these regulations, an inmate may first raise an issue informally. Id., § 542.13(a). If the inmate did not resolve the issue informally, he/she may then file a formal Request to the Warden. Id. § 542.14. If the inmate is not satisfied with the Warden's decision at this stage, he/she may appeal the Warden's decision to the Regional Director within 20 days of the Warden's signed response. Id. § 542.15(a). Such an appeal must be filed on the appropriate form (BP-10). Id. Finally, the Regional Director's decision may be appealed by filing a BP-11 form

with the Director of the National Inmate Appeals in the Office of the General Counsel.  Id.

Defendant has not demonstrated that he has exhausted his administrative remedies by filing an appeal with the Regional Director.

IT IS HEREBY ORDERED that this matter is stayed until such time as the Court is notified that Defendant has exhausted his administrative remedies.

Date:   May 14, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court
